IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| STEVE RIDDICK,              ) | |
|     Plaintiff,         ) | Civil Action No. 7:23-cv-00784 |
|                           ) | |
| v.              ) | |
|                           ) | By: Elizabeth K. Dillon |
| MEGAN O'BRIEN, *et al.*,    ) | United States District Judge |
|     Defendants.       ) | |

**MEMORANDUM OPINION**

Plaintiff Steve Riddick, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Riddick has not paid the filing fee.

Based on court records, it is clear that at least three of Riddick's previous actions or appeals have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Put differently, he has at least three prior "strikes" under 28 U.S.C. § 1915(g). Because of this, even if he could prove his indigence, Riddick may not proceed with this case unless he either prepays the entire filing fee—which he has not done—or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). His complaint, however, fails to allege any imminent danger of serious physical injury. For this reason, the court will dismiss the complaint in its entirety.

Riddick's complaint alleges that the Virginia Attorney General's Office has not complied with various orders to provide discovery to him and his attorney in separate federal lawsuits. (*See* Compl., Dkt. No. 1.) For example, in Case No. 7:20-cv-447, Riddick alleges that

---

[1] The following six cases all were dismissed, pursuant to 42 U.S.C. § 1997e(c)(1), for failure to state a claim: *Riddick v. McCowan*, No. 7:21cv00138 (W.D. Va. Aug. 6, 2021); *Riddick v. Stanley*, No. 7:21cv00177 (W.D. Va. Aug. 6, 2021); *Riddick v. Gilbert*, No. 7:20cv00598 (W.D. Va. Aug. 2, 2021); *Riddick v. Kiser*, No. 7:20cv00580 (W.D. Va. July 30, 2021); *Riddick v. Kiser*, No. 7:20cv00561 (W.D Va. Jan. 29, 2021); *Riddick v. Bunch*, No. 7:20cv00597 (W.D. Va. Jan. 29, 2021).

defendants did not provide Riddick's mental health records at Red Onion State Prison as ordered by the court. (Compl. 1–2.) In Case No. 7:20-cv-96, defendants were ordered to provide logbooks, but the logbooks were incomplete. (*Id.* at 8–9.) And in Case No. 7:22-cv-304, Riddick alleges that defendants conspired to deprive him of certain evidence "to cover up crimes and constitutional violations." (*Id.* at 10.) Riddick asserts that defendant's actions in these and other cases effected his ability to prevail. (*Id.* at 14.)

Notably, Riddick's complaint does not contain any allegations to support a conclusion that he is in imminent danger of serious physical injury. For the "imminent danger" exception of § 1915(g) to apply, "an inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). "[T]he imminent danger 'must exist at the time the complaint . . . is filed, not when the alleged wrongdoing occurred.'" *Meyers v. Clarke*, 767 F. App'x 437, 439 (4th Cir. 2019) (quoting *Martin*, 319 F.3d at 1050). "Congress intended that a three-strikes prisoner have opportunity to ask the court for its aid in addressing a danger that is close at hand, not a past infraction." *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 F. App'x 90, 96 (4th Cir. 2020); *see also Johnson*, 200 F. App'x at 272 (explaining that the imminent danger exception focuses on the possibility of "continuing or future injury, not whether the inmate deserves a remedy for past misconduct"). Riddick's complaint is focused on past infractions and not on any danger that is close at hand.

As Riddick has neither prepaid the filing fee nor demonstrated that he is "under imminent

danger of serious physical injury," the court will dismiss his complaint without prejudice pursuant to 28 U.S.C. § 1915(g). An appropriate order will be entered.

  Entered: December 7, 2023.

/s/ Elizabeth K. Dillon<br>
Elizabeth K. Dillon<br>
United States District Judge